UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL WHIPPLE,

                              Plaintiff,                    5:08-CV-1356
                                                                         (GTS/DEP)
v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                              Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OLINSKY & SHURTLIFF                    JAYA A. SHURTLIFF, ESQ.
  Counsel for Plaintiff
300 South State Street, Suite 520
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     MICHELLE L. CHRIST, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed by Daniel Whipple ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for remand (Dkt. No. 11); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 14); (3) the Report-Recommendation of United States Magistrate Judge David E. Peebles, issued pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that (a) Plaintiff's motion for remand be denied, (b) Defendant's motion for

judgment on the pleadings be granted, (c) Defendant's decision denying Social Security benefits to Plaintiff be affirmed, and (d) Plaintiff's Complaint be dismissed (Dkt. No. 16); and (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 17).  For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety; Plaintiff's motion for remand is denied; Defendant's motion for judgment on the pleadings is granted; Defendant's decision denying Social Security benefits to Plaintiff is affirmed; and Plaintiff's Complaint is dismissed.

## I.    RELEVANT BACKGROUND

### A.    Procedural History

Because neither party has objected to Part II of Magistrate Judge Peebles' Report-Recommendation, setting forth the procedural history of this action, the Court adopts that description of this action's procedural history.  (*See generally* Dkt. No. 16, at 10-12 [Report-Rec].)

On June 13, 2006, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act, alleging a disability onset date of March 31, 2006.  (*See* Administrative Transcript ["T."] at 57-59.)[1]  On August 25, 2006, Plaintiff's application was denied by the Social Security Administration.  (T. at 34-37.)  Plaintiff appealed the denial; and, on January 17, 2008, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration.  (T. at 303-18.)

---

[1]    "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

On May 30, 2008, the ALJ issued his decision finding Plaintiff was not disabled within the meaning of the Act and therefore denying his application for benefits. (T. at 21-30.) In his decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled.[2]  More specifically, in reaching this conclusion, the ALJ made the following findings: (1) Plaintiff had in fact engaged in substantial gainful activity ("SGA") since the alleged onset date of March 31, 2006, with posted earnings totaling $13,496.15, and therefore Plaintiff failed to establish one of the threshold requirements for establishing disability;[3] (2) Plaintiff's anxiety and major depressive and/or schizoaffective disorder in remission sufficiently interfered with his ability to perform work-related activities (i.e., qualified as severe at step two); (3) Plaintiff's impairment or combination of impairments did not meet or medically equal any of the listed, presumptively disabling impairments set forth in 20 C.F.R. Pt.

---

[2] "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]). "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at § 404.1520[a][4][ii], § 404.1528). "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]). "Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]). "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted). "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

[3] This finding could have ended the disability inquiry.

404, Subpt. P. App. 1; (4) Plaintiff retains the residual functional capacity ("RFC") to perform work at all exertional levels in a job involving simple tasks and allowing for a low stress environment; (5) Plaintiff is unable to perform any of his past relevant work; (6) there are jobs existing in sufficient numbers in the national economy that Plaintiff is capable of performing, despite his limitations. (*Id.*)

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. 5-7.) On November 21, 2008, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (*Id.*) On December 19, 2008, Plaintiff commenced this action in this Court. (Dkt. No. 1.)

Generally, in his brief in support of his motion for remand, Plaintiff asserts the following four arguments: (1) in ruling against him at step one of the sequential evaluation process, the ALJ failed to apply the appropriate legal standards, which "could reasonably have prejudiced the remainder of the evaluation"; (2) the ALJ failed to apply the appropriate legal standards when evaluating the limitations imposed by Plaintiff's mental impairments; (3) because his limitations are solely nonexertional, the ALJ erred by resorting to the grid in order to ascertain the availability of suitable work for Plaintiff, and not requesting input from a vocational expert; and (4) the ALJ failed to apply the appropriate legal standards in evaluating Plaintiff's credibility.

Generally, in his brief in opposition to Plaintiff's motion, and in support of his own motion, Defendant disagrees with each of these four arguments, and argues that the decision finding Plaintiff not disabled should be affirmed. (Dkt. No. 11.)

      **B.**     **Magistrate Judge Peebles' Report-Recommendation**

On March 8, 2011, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendant's decision denying Social Security benefits be affirmed and the Complaint be dismissed. (Dkt. No. 16.) Generally, in support of his recommendation,

4

Magistrate Judge Peebles found as follows: (1) the ALJ's correctly determined that, as of July 2007, Plaintiff was no longer disabled; (2) the ALJ properly incorporated the prescribed psychiatric review technique into his findings, which were supported by substantial evidence, and correctly concluded that Plaintiff's mental condition did not meet or equal any of the relevant, listed mental impairments; (3) the ALJ's RFC determination was supported by substantial evidence; (4) the ALJ did not err in resorting to the grid for use as a framework in determining the issue of disability; and (5) the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence. (*Id.*)

  **C.** **Plaintiff's Objections to the Report-Recommendation**

On March 22, 2011, Plaintiff timely filed his Objections to the Report-Recommendation. (Dkt. No. 17.) Generally, in his Objections, Plaintiff argues that the Court should reject the Report-Recommendation for the following reasons: (1) Magistrate Judge Peebles erred in affirming the ALJ's finding at step 1; (2) Magistrate Judge Peebles erred when he determined a vocational expert was unnecessary; and (3) Magistrate Judge Peebles erred in affirming the ALJ's credibility finding. (*Id.*)

**II.** **APPLICABLE LEGAL STANDARDS**

  **A.** **Standard of Review of Magistrate Judge Lowe's Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[4]

---

[4] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.*

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[5] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      B.     **Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Peebles correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 16, at 13-16.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

---

*Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

    [5]    *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

**III.    ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's first and third arguments in his Objections fail to specifically address Magistrate Judge Peebles' recommendations. Instead, Plaintiff's first and third arguments in his Objections simply reiterate his arguments, presented in his papers submitted to Magistrate Judge Peebles, as to why the ALJ's findings and conclusions were in error. For the reasons explained above in Part II.A. of this Decision and Order, the Court need review the portions of the Report-Recommendation addressing these arguments only for clear error.

After doing so, the Court concludes that Magistrate Judge Peebles' thorough Report-Recommendation regarding these arguments is correct in all respects. Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 16.) The Court would add only that the portions of Magistrate Judge Peebles' Report-Recommendation that address Plaintiff's first and third arguments would survive even a *de novo* review.

Turning to Plaintiff's second argument, the Court finds that this Objection is specific in nature. (Dkt. No. 17.) As a result, the Court reviews this argument *de novo*.

In support of Plaintiff's second argument (i.e., that Magistrate Judge Peebles erred when he determined a vocational expert was unnecessary), he argues that "sole reliance on the [g]rid[s] may be precluded where the claimant's exertional impairments are compounded by significant nonexertional impairments." (Dkt. No. 17 [quoting *Rosa v. Callahan*, 168 F.3d 72, 78 [2d Cir. 1999].) While Plaintiff is correct that sole reliance on the grid is not appropriate where the claimant's exertional impairments are compounded by significant nonexertional impairments, in this case, there was substantial evidence in the record establishing that Plaintiff's exertional impairments were not significant, i.e., were not compounded by significant nonexertional

impairments.  For example, it bears repeating that, since July 2007, Plaintiff has maintained gainful employment.  The Court would add only that the ALJ's finding at step two that Plaintiff has a severe impairment or combination of impairments which significantly restricts his physical or mental ability to perform basic work activities is not inconsistent with the ALJ's finding at step five that Plaintiff's nonexertional limitations had little or no effect on Plaintiff's ability to perform unskilled work at all exertional levels.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for remand (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 31, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge